IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LE'WILBURNE MAURICE WILLIAMS<br>a/k/a Le'Wilburne Williams-King and<br>H&W CLEANING SYSTEMS, INC.<br>d/b/a HWC Systems,<br>     Plaintiffs,<br><br>v.<br><br>HOME DEPOT USA, INC.,<br>     Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:15-CV-3655-L |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the *Order of Reference*, dated February 10, 2016, before the Court for recommendation is *Defendant Home Depot U.S.A., Inc.'s Motion to Compel Arbitration and Brief in Support Thereof*, filed February 9, 2016 (doc. 8). Based on the relevant filings and applicable law, this motion should be **GRANTED**.

**I. BACKGROUND**

This action arises out of two contracts[1] between Le'Wilburne Maurice Williams a/k/a Le'Wilburne Maurice Williams-King as representative for H&W Cleaning Systems, Inc. (Plaintiffs) and The Home Depot (Defendant) for property renovation services. After Plaintiffs were sued in a state district court in Dallas County, Texas, on May 19, 2014, they filed a third-party action against Defendant asserting breach of contract, sworn account, fraudulent inducement, and quantum meruit. (*See* doc. 8 at 1-2.)[2] Defendant moved to sever the third-party action, and the state court granted the motion on November 3, 2015. (*See id.*) It then removed this case to federal district court on

---

[1] Although there are two contracts that cover two different property renovation projects, the parties appear to characterize them as a single contract. (Docs. 1-5 at 5-10; 8 at 2; 11 at 2.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

November 12, 2015. (Doc. 1.)

The underlying contracts, entitled "Master Agreement Renovations for 5511-15 Beaty Street Fort Worth, TX" and "Master Agreement Renovations for 5532 Beaty Street Fort Worth, TX" (collectively Master Agreements), contain identical arbitration clauses. (*See* doc. 1-5 at 23; doc. 8-1 at 13.) Article 16.5 of both contracts, entitled Dispute Resolution, states:

> All claims, disputes, and other matters in question between [Plaintiffs and Defendant] arising out of, or relating to, the Contract Documents or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association ("AAA") then in effect. This provision shall be specifically enforceable in any court of competent jurisdiction.

(*See id.*)

On February 9, 2016, Defendant filed a motion to compel arbitration before any other motions or discovery requests were filed. (Doc. 8.) With a timely filed response and reply, this motion is ripe for consideration. (Docs. 11; 12.)

## II. ARBITRABILITY

The Federal Arbitration Act (FAA) "embodies the national policy favoring arbitration." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). The FAA "provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (citing 9 U.S.C. §§ 3-4). Courts in the Fifth Circuit employ a two-step inquiry when determining a motion to compel arbitration under the FAA. *See Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). The first step is to determine whether the parties agreed to arbitrate the dispute at issue. *Webb v. Investacorp, Inc.*,

2

89 F.3d 252, 258 (5th Cir. 1996) (per curiam). The second step is to determine whether any legal restraints external to the agreement foreclose arbitration of the dispute. *OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445-46 (5th Cir. 2001) (per curiam). During this inquiry, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration." *Webb*, 89 F.3d at 258 (citing *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475–76 (1989)).

Here, Plaintiffs do not dispute the existence or scope of a valid arbitration agreement with Defendant. Defendant has therefore met its initial burden to show a valid arbitration clause exists between the parties. The burden now shifts to Plaintiffs to present evidence showing why it should not be enforced because of an affirmative defense or legal restraints external to the agreement that foreclose arbitration. *See OPE Int'l LP*, 258 F.3d at 445-46. They respond with three affirmative defenses against enforcement of the arbitration clause.

**A.     Breach of Contract**

Plaintiffs argue that they should not be compelled to arbitrate because Defendant revoked the arbitration clause by materially breaching the Master Agreements. They allege that Defendant failed to pay them, refused to provide time to cure an alleged defect, and failed to respond to a request for mediation and arbitration sent on August 4, 2014. (*See* doc. 11 at 3-6.)

The Fifth Circuit has repeatedly held that courts must be mindful not to consider the merits of the underlying action under a motion to compel arbitration. *See Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002); *Snap-On Tools Corp. v. Mason*, 18 F.3d 1261, 1267 (5th Cir. 1994); *Mun. Energy Agency of Mississippi v. Big Rivers Elec. Corp.*, 804 F.2d 338, 342 (5th Cir. 1986). Once the dispute is found to be within the scope of the arbitration clause, "the court may not delve

further into the merits of the dispute." *Mun. Energy Agency of Mississippi*, 804 F.2d at 342; *see Edwards v. Conn Appliances, Inc.*, No. 3:14-CV-3529-K, 2015 WL 1893107, at *2 (N.D. Tex. Apr. 24, 2015).

Plaintiffs' first two allegations that Defendant failed and refused to pay them for work performed under the Master Agreements and failed and refused to provide them with reasonable and adequate time to cure an alleged defect are the contested issues that form the basis of this suit. (Doc. 1-5 at 4-9.) Because this court may not consider the merits of the underlying action on a motion to compel arbitration, these allegations fail to render the arbitration clause unenforceable. As for their third allegation that Defendant refused to respond to a notice to mediate and arbitrate, Section (B) of the arbitration clause requires that "(n)otice of demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association Regional Office of Atlanta, Georgia." (Doc. 8-1 at 13.) Although Plaintiffs allege that they sent notice to mediate and arbitrate directly to Defendant, they have never alleged that they sent a similar demand to the American Arbitration Association Regional Office of Atlanta, Georgia. They provide a demand letter to mediate and arbitrate that was sent only to the chief marketing officer for Defendant without any indication that it was copied to the necessary contact at the American Arbitration Association. (*See* doc. 1-5 at 86.) Because Plaintiffs have not provided evidence or alleged that they complied with the demand provision, Defendant's alleged failure to respond does not void the arbitration clause.

**B.    Waiver**

Plaintiffs argue that Defendant waived enforcement of the arbitration clause by "substantially invoking" the judicial process. They allege that Defendant cannot now assert the arbitration clause because it did not assert arbitration as its initial defense in its state court pleadings. (*See* doc. 11 at 4.)

4

Waiver exists "when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999) (quoting *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986)). In order to "substantially invoke" the judicial process, a party must "engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Id.* at 329. "There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden." *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004).

Here, Defendant severed the third-party action against it in state court and removed it to federal district court. It also asserted its right to arbitrate in its amended answer filed in the state court. (*See* doc. 1-15 at 4.) Specifically, it filed an amended answer on August 5, 2015, that put Plaintiffs on notice of its position that "all claims and causes of action asserted against it by [Plaintiffs] are subject to mandatory, binding arbitration pursuant to the provisions of the [Master Agreements.]" *Id.* Because Defendant included a demand for arbitration in its amended answer, Plaintiffs' burden to show waiver "falls even more heavily" on them. *Keytrade USA, Inc. v. Ain Temouchent M/V*, 404 F.3d 891, 897 (5th Cir. 2005) (citations omitted). Overall, Defendant's actions do not substantially invoke the judicial process to the detriment or prejudice of Plaintiffs and do not require waiver of the arbitration clause. *See Kaddouri v. Merrill Lynch, Pierce, Fenner, & Smith*, No. 3:04-CV-1456-B, 2005 WL 283582, at *6 (N. D. Tex. Feb. 4, 2005) (finding that the defendant's removal of the case and request to dismiss did not constitute a waiver of the right to arbitrate).

**C.    Condition Precedent**

Plaintiffs contends that the arbitration clause is unenforceable because mediation has not

5

occurred. They point to Section 16.5 of the Master Agreements that requires "[a]s a condition precedent to the institution of any action (lawsuit, arbitration, etc.) hereunder, all disputes shall be submitted to mediation before a professional mediator selected by the parties." (Doc. 11 at 5.)

Whether the parties complied with the agreement's procedural rules is a question of procedural arbitrability and one generally left for the arbitrator to decide. *Gen. Warehousemen & Helpers Union Local 767 v. Albertson's Distribution, Inc.*, 331 F.3d 485, 488 (5th Cir. 2003) (citing *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 555 (1964)). "Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about that matter." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) (internal citations omitted). A court may not assume that the parties agreed to arbitrate arbitrability "[u]nless the parties clearly and unmistakably provide otherwise." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). Accordingly, the court must decide if the parties "clearly and unmistakably" provided for the arbitrator to decide arbitrability. *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012).

Here, the arbitration clause explains that the "arbitrator(s) shall decide procedural and substantive issues regarding arbitrability and whether conditions precedent have been satisfied." (Doc. 8-1 at 13.) Under this section, the parties have agreed to "arbitrate arbitrability" where the arbitrator rules on whether all conditions precedent have been satisfied. *Petrofac, Inc.,* 687 F.3d at 675 (citing *First Options of Chi., Inc.*, 514 U.S. at 943). Accordingly, the arbitrator should resolve the dispute over the existence of any condition precedent.

In conclusion, all of the claims raised by Plaintiffs must be submitted to arbitration.

## III. STAY OR TRANSFER

In its reply, Defendant seeks to stay the proceedings pending arbitration, or alternatively, to transfer them to another forum. (Doc. 12 at 10.)

Section 3 of the FAA requires that upon application of one of the parties, the court shall stay the trial of the action until the arbitration is complete if there exists a valid and enforceable arbitration clause. *See* 9 U.S.C. § 3. A stay is mandatory upon a showing that the opposing party has commenced suit "upon any issue referable to arbitration under an agreement in writing for such arbitration " *Id*.; *see Mun. Energy Agency of Mississippi v. Big Rivers Elec. Corp.*, 804 F.2d 338, 342 (5th Cir. 1986). This court has found that an action may be dismissed with prejudice rather than stayed when all claims are subject to arbitration. *Vican , Inc. v. Incipio Technologies, Inc., et al.,* No. 3:15-CV-2720-L, 2016 WL 687155, at *1 (N.D. Tex. Feb. 19, 2016), citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.") (citations omitted); *see also Sazy v. Depuy Spine, LLC, et al.,* No. 3:13-CV-4379-L, 2014 WL 4652890, at *4 (N.D. Tex. Sept. 18, 2014) (same). "This is so because '[a]ny post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.'" *Id*. (citing *Alford*).

Here, all of Plaintiffs' claims are arbitrable under the Master Agreements. Accordingly, there appears to be no reason to retain jurisdiction. See *Vican , Inc.*, 2016 WL 687155, at *1; *Sazy*, 2014 WL 4652890, at *4.

## IV. RECOMMENDATION

Defendant's motion to compel arbitration should be **GRANTED,** and the case should be dismissed with prejudice.

**SO RECOMMENDED** this 8th day of July, 2016.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE