IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LE'WILBURNE MAURICE WILLIAMS** a/k/a **LE'WILBURNE WILLIAMS-KING AND H&W CLEANING SYSTEMS, INC. d/b/a HWC SYSTEMS,** | § § § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. **3:15-CV-3655-L** |
| | § | |
| **HOME DEPOT USA, INC.,** | § § | |
| Defendant. | § | |

## ORDER

On July 8, 2016, Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") recommending that the court grant Defendant Home Depot U.S.A., Inc.'s Motion to Compel Arbitration (Doc. 8), filed February 9, 2016, and dismiss with prejudice this action. On July 25, 2016, Plaintiff filed objections to the Report. In their objections, Plaintiffs contend that mediation is a condition precedent to arbitration, and Defendant's failure to respond to their request for mediation constitutes a waiver of the right to arbitration.

Having reviewed the motion, response, reply, file, record in this case, and Report, and having conducting a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The magistrate judge correctly determined that the claims asserted in this case are subject to arbitration. The magistrate judge also correctly determined that issues, such as the one
**Order – Page 1**

raised by Plaintiffs, about whether prerequisites to arbitration have been fulfilled are for the arbitrator to decide. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002).

Further, as noted by the magistrate judge, section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, provides for a stay pending arbitration; however, when all claims are subject to arbitration, the court, in its discretion, may dismiss the action with prejudice. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (citations omitted). The reason for dismissal with prejudice is that retaining jurisdiction of the action by the district court serves no purpose because any remedies after arbitration are limited to judicial review based on the grounds set forth in the FAA. *Id.* (citation omitted). As all of the claims in this case are subject to arbitration and should be arbitrated, the court determines that there is no reason for it to retain jurisdiction over the action. Moreover, while Defendant requests that the court stay this case pending arbitration, it has not provided any reasons justifying the court's retention of jurisdiction of the action.

The court, therefore, **overrules** Plaintiffs' objections, **grants** Defendant Home Depot U.S.A., Inc.'s Motion to Compel Arbitration (Doc. 8), and **dismisses with prejudice** this action. If Plaintiffs wish to pursue their claims against Defendant, they must do so in arbitration in accordance with section 16.5 of the Master Agreements.

**It is so ordered** this 28th day of July, 2016.

_____
Sam A. Lindsay
United States District Judge